UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ANTONIO PETTRIE,                         )
                                         )
                    Plaintiff,           )
                                         )
             v.                          )    No. 2:25-cv-00284-JRO-MG
                                         )
CAMPBELL Nurse,                          )
BYRD Dr.,                                )
                                         )
                    Defendants.          )

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER
PROCEEDINGS**

Plaintiff Antonio Pettrie is a prisoner currently incarcerated at Wabash Valley Correctional Facility. He filed this civil action alleging defendants denied him necessary medical care when he injured his finger. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I.**

**SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.

### THE COMPLAINT

Mr. Pettrie's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. Pettrie names two defendants: Dr. Byrd and Nurse Practitioner ("NP") Campbell.

The complaint alleges that on May 14, 2024, Mr. Pettrie fell while in recreation and injured his face and broke his pinky finger. Dkt. 1 at 2. When NP Campbell saw Mr. Pettrie, she told him the finger was jammed and to "suck it up and quit being a pussy," even though it was clearly broken. *Id.* She refused to treat him even after Mr. Pettrie put in a medical care request on May 15. *Id.* When he was finally treated, Dr. Byrd treated the wrong finger and ordered the wrong follow-up treatment. *Id.* As a result, Mr. Pettrie's finger is now "deformed" and does not move properly, and he experienced months of unnecessary pain and suffering. *Id.* at 1–2.

## III.

## DISCUSSION OF CLAIMS

Although a plaintiff need not plead legal theories in a complaint, see Fed. R. Civ. P. 8(a), Mr. Pettrie has identified the theory he wishes to use—Eighth Amendment deliberate indifference to his serious medical need. Where a pro se litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the court analyzes Mr. Pettrie's claims only under the theories he has identified.

For an inmate to state a claim under § 1983 for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). An official's "act or omission unaccompanied by knowledge of a significant risk of harm," or his "failure to alleviate a significant risk that he should have perceived but did not," does not constitute deliberate indifference. *Id.* at 837–38; *see Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (official must be "subjectively" indifferent).

Applying the screening standard to the factual allegations in the complaint, Mr. Pettrie's Eighth Amendment claims against NP Campbell shall **proceed.** Mr. Pettrie plausibly alleges that NP Campbell was deliberately indifferent to his serious medical need.

However, Mr. Pettrie's Eighth Amendment claim against Dr. Byrd is **dismissed.** While Mr. Pettrie alleges that Dr. Byrd treated a different finger than the one that was broken, Mr. Pettrie does not allege facts showing that Dr. Byrd knew it was his pinky finger that needed treatment. While he states that the finger was "clearly broken" on May 14, he does not provide the date on which he saw Dr. Byrd or any details about the finger's condition at that time. Put simply, no alleged facts support that Dr. Byrd was subjectively aware that his actions or omissions would cause the plaintiff harm. So the complaint does not state a plausible claim that Dr. Byrd was deliberately, subjectively, indifferent to the condition of Mr. Pettrie's hand.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through April 15, 2026,** in which to file a motion to reconsider the screening order.

**IV.**

**CONCLUSION AND SERVICE OF PROCESS**

The action **will proceed** with an Eighth Amendment claim for damages against NP Campbell pursuant to 42 U.S.C. § 1983. All other claims are **dismissed.**

The **clerk is directed** to **terminate** Dr. Byrd from the docket.

The claims discussed in Part III are the only claims the Court identified in the complaint. If Mr. Pettrie believes he asserted additional claims, he must file a motion to reconsider this order **no later than April 15, 2026.**

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendant NP Campbell in the manner specified by Rule 4(d). Process shall consist of the complaint filed on June 18, 2025, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. Defendant NP Campbell is identified as an employee of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information shall be filed ex parte.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Date: 3/18/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

ANTONIO PETTRIE
998471
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

Electronic service to Centurion
       Nurse Practitioner Campbell